# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

Brown, Susan G.                                   Hon. Marci B. McIvor

    Debtor                                         14-48421
_____/                                 (Chapter 7)


### TRUSTEE'S APPLICATION FOR AUTHORITY TO SELL CERTAIN PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AT AUCTION SALE; AND TO TRANSFER LIENS, ENCUMBRANCES AND OTHER INTERESTS TO PROCEEDS OF SALE; TO EVICT DEBTOR AND FOR APPROVAL OF BROKER'S FEES AND COSTS

DOUGLAS ELLMANN, Trustee (Trustee), states as follows:

1. He is the duly appointed Chapter 7 Bankruptcy Trustee in the above-captioned matter.

2. The Trustee for the Debtor (The "Estate") has entered into a proposed sale with Sarah Prince, or assigns ("Purchaser"), in the amount of $160,000.00, subject to any higher offer at the scheduled auction sale to be held on March 3, 2015 at 10 am at undersigned's offices, to sell and assign to Purchaser the Estate's rights in 5832 Rustic Lane, Ypsilanti, Michigan (Property). (Attachment 1- Purchase Agreement)

3. The Estate and Purchaser have agreed, subject to Court approval, that Purchaser shall acquire the Estate's interest in the Property. Upon the

completion of the sale, Purchaser shall pay the Estate the purchase price or higher if there is a higher bid at the auction.

4. The Trustee believes that the transaction with Purchaser is in the best interest of creditors and the estate. Purchaser's offer is the highest offer that was received and it is an offer that, based on the Trustee's current understanding, is fair and reasonable under the circumstances.

5. Pursuant to the Bankruptcy Rules, the Court has discretion to authorize the Trustee to enter into the transaction with Purchaser. If no objection is filed and served upon the undersigned and the Trustee within 21 days, the authority to enter into the transaction may be granted without a hearing. If an objection is filed and served upon the undersigned and Trustee, a notice of hearing to consider the motion will be sent to the objecting party. The proposed transaction with Purchaser is subject to bankruptcy court approval.

6. The sale terms and conditions will be subject to the approval of the Court.

7. The Court has jurisdiction over the subject mater of this Application pursuant to federal law, including 28 USC §§ 1334 (b) and 157 (a). All matters covered by the Application are core proceedings pursuant to federal law, including under 28 USC § 157 (b) (2) (A), (N) and (O).

8. The statutory basis for the relief requested is found in part in 11 USC § 363 (b) and (f) and 725, as implemented by Bankruptcy Rules 2002, 6004, 9008 and the local court rules.

9. Pursuant to 11 USC 363 and LBR 6004-1, the Trustee requests that this Court grant authority to sell the above described property, and make the findings of fact and conclusions of law as detailed in the proposed order filed contemporaneously with this application.

10. The sale is "as is" and without representations or warranties of any kind by the Trustee and the Estate.

11. The sale is to be free and clear of liens, with liens, if any, to transfer to the proceeds of sale pursuant to 11 USC §363.

12. The Trustee also requests eviction of any occupant, including but not limited to the Debtor, from the premises. In addition, all personal property found on the premises of the Property is deemed abandoned and may be disposed of by the Purchaser or the Trustee.

13. The Trustee also requests that he be allowed to execute any and all documents necessary to effectuate this transaction including, if applicable, any purchase agreement attached as an exhibit.

14. Unless an objection is filed, the Court may sign an Order authorizing the sale and approving this application without a hearing.

15. The 14 day stay provided for in F. R. Bankr. P. 6004(h) will have no effect with respect to the sale, this Order of Sale will be effective and enforceable immediately upon entry.

16. The Purchaser is a good faith purchaser for purposes of 11 USC §363(m).

17. The application also requests approval of brokerage commissions of 6%, equaling $9,600.00, to be paid to Trustee's broker, Dunlap & Associates and split with the buyer's broker, Premier Choice Realty as is customary practice.

18. In addition, pursuant to the attached Purchase Agreement, which is incorporated into this motion by reference, the following payments will be made at closing: The Estate will receive $6,000 to be paid by Purchaser; Green Tree will receive approximately $138,220.43, depending on closing date, in full satisfaction of its first priority mortgage, First Tennessee will receive $6,000.00, depending on closing date, in full satisfaction of its second priority mortgage (Attachment 2 – Green Tree Approval Letter; Attachment 3- draft HUD Statement)

THEREFORE, the Trustee requests that the Court enter an Order granting authority to conduct the above described sale under the terms and conditions listed above, and approving this application.

February 5, 2015

/s/ Douglas S. Ellmann
Douglas S. Ellmann (P34617)
Ellmann & Ellmann, P.C.
Attorneys for Trustee
308 W. Huron
Ann Arbor, MI 48103
734-668-4800
dse@ellmannlaw.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

Brown, Susan G.                          Hon. Marci B. McIvor

    **Debtor**                               14-48421
_____/                 (Chapter 7)

### ORDER GRANTING TRUSTEE'S APPLICATION FOR AUTHORITY TO SELL CERTAIN PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AT AUCTION SALE AND TRANSFERING LIENS, ENCUMBRANCES AND OTHER INTERESTS TO PROCEEDS OF SALE; TO EVICT DEBTOR; AND <u>APPROVING BROKER'S FEES AND COSTS</u>

This matter having come before the Court upon the Trustee's Application for Authority to Sell Property Free and Clear of Liens, Claims, Encumbrances and Other Interests at Auction Sale; and to Transfer Liens, Claims, Encumbrances and Other Interests to Proceeds of Sale; and for Approval of Brokers Fees and Costs (the "Application"), and Opportunity to Respond to the Application having been given pursuant to LBR 6004-1 (EDM) to all creditors and other parties-in-interest, and the Court being otherwise duly advised in the premises, the Court finds that:

    1.         This Court has jurisdiction to hear and determine the Application pursuant to 28 U.S.C. 1334(b) and that this matter is a core proceeding under 28 U.S.C. 157(b)(2)(A), (M) and (O); and

2. Proper, timely, adequate and sufficient notice of the Application has been provided to creditors and parties-in-interest in accordance with all applicable Bankruptcy Rules and Local Rules of the Bankruptcy Court for the Eastern District of Michigan, including the Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 and L.B.R. 6004-1 (E.D.M.); and

3. The Application was duly and properly served on all required persons and entities, including all parties claiming any interest in the Property as that term is defined in the Application; and

4. A reasonable opportunity to object and to be heard regarding the requested relief has been afforded to all interested persons and entities; and

5. No other or further notice of the Application, the hearing or the entry of this Order is necessary; and

6. The total consideration to be realized by the Trustee from the Purchaser or their assigns, (Purchaser) pursuant to the sale proposed in the Order is fair and reasonable and the transactions contemplated therein are in the best interests of the Estate;

NOW, THEREFORE, IT IS HEREBY ORDERED that the above findings are incorporated by reference into this Order, and that the Application is approved and granted in all respects, and the Trustee is authorized to sell 5832 Rustic Lane, Ypsilanti, Michigan ("Property"), free and clear of any liens, claims, encumbrances and other interests pursuant to the terms set forth in the Application, as described in the Application

or any Exhibit to be attached to this Order, if any, after it is approved, to Sarah Prince, Purchaser, in the amount of $160,000.00, or to another purchaser pursuant to any higher offer at the scheduled auction sale to be held on March 3, 2015 at 10 am. A copy of any legal description, if appropriate for recording purposes, may be attached to this Order after entry; and

IT IS FURTHER ORDERED that the property is sold "where is", "as is" and without representations or warranties of any kind; and

IT IS FURTHER ORDERED the 14 day stay provided for in F. R. Bankr. P. 6004(h) will have no effect with respect to the sale, this Order of Sale will be effective and enforceable immediately upon entry; and

IT IS FURTHER ORDERED that the Purchaser is a good faith purchaser for purposes of 11 USC §363(m); and

IT IS FURTHER ORDERED that all occupants, including but not limited to the Debtor, currently residing in the house located on the Property are required to vacate the Property 30 days after the date of the application; and

IT IS FURTHER ORDERED that any personal property left on the premises as of the date of this Order is deemed abandoned by any occupant of the Property, including but not limited to the Debtor, and the Purchaser or Trustee may dispose of that abandoned property ; and

IT IS FURTHER ORDERED that the broker's fees of 6% of the sales price, to be divided between the Trustee's broker, Dunlap & Associates it will be paid its commission

at closing, and the commission may be split with purchaser's broker as is customary practice;

IT IS FURTHER ORDERED that all liens, claims and encumbrances in the Property shall be transferred to the proceeds of the sale with the same validity and priority as to the proceeds as they had with respect to the Property, subject to the avoidance powers of the Trustee and further Order of the Court; and

IT IS FURTHER ORDERED that the Trustee shall perform any and all acts necessary to carry out the terms of the transaction contemplated in the Offer, the Application and this Order; and

IT IS FURTHER ORDERED that the Trustee is authorized and is directed to prepare, execute and deliver any and all documents and instruments necessary to effectuate the transaction contemplated in the Offer, and to undertake any and all actions which are necessary in accordance with the Application and this Order; and

IT IS FURTHER ORDERED that each and every federal, state and local governmental agency or department is hereby directed to accept and process any and all documents and instruments necessary and appropriate to consummate the transaction contemplated in the Offer, the Application and this Order; and

IT IS FURTHER ORDERED that the provisions of this Order shall be self-executing and neither the Trustee nor any purchaser of the Property shall be required to execute or file discharges, termination statements, assignments, consents or other instruments in order to effectuate, consummate or implement the foregoing provisions

hereof, provided, however, that this paragraph shall not excuse either party from performing any and all of their respective obligations under the transaction contemplated in the Offer, the Application or this Order, or from executing and delivering such documents as are reasonably requested by the other to effectuate the transaction contemplated in the Offer, the Application or this Order; and

IT IS FURTHER ORDERED that this Court shall retain jurisdiction to resolve all contractual disputes between the Purchasers and the Trustee arising out of the transaction contemplated in the Offer and the Application, and to enforce the terms of this Order.

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:
Brown, Susan G.                                    Hon. Marci B. McIvor

    Debtor                                       14-48421
_____/                                 (Chapter 7)

## NOTICE OF TRUSTEE'S APPLICATION FOR AUTHORITY TO SELL CERTAIN PROPERTY FREE AND CLEAR OF LIENS, CLAIMS ENCUMBRANCES AND OTHER INTERESTS AT AUCTION SALE; TO TRANSFER LIENS, ENCUMBRANCES AND OTHER INTERESTS TO PROCEEDS OF SALE; TO EVICT DEBTOR; AND FOR APPROVAL OF BROKER'S FEES AND COSTS

    The Trustee is giving notice that he intends to sell to Sarah Prince (Purchaser), or assigns, for $160,000.00, or to any higher or better offer at auction sale scheduled for March 3, 2015 at 10 am to be held at the undersigned's offices, the Estate's rights to 5832 Rustic Lane, Ypsilanti, MI. The motion requests that the debtor be evicted. It also requests approval of real estate commissions of 6% to be payable to Trustee's broker, Dunlap & Associates at closing, and the commission may be split with purchaser's broker as is customary practice.

    The sale also requests approval of brokerage **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to approve the motion/application or if you want the court to consider your views on the motion/application. Within 21 days, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at: United States Bankruptcy Court
        211 W. Fort Street, Suite 2100
        Detroit, MI 48226.

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to:    Douglas S. Ellmann
                                        308 W. Huron
                                        Ann Arbor, MI 48103

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing. **If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Dated: February 5, 2015
/s/ Douglas S. Ellmann (P34617)
Attorney for Trustee
308 West Huron

Ann Arbor, MI 48103
734 668 4800
dse@ellmannlaw.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

**Brown, Susan G.**                             Hon. Marci B. McIvor

       **Debtor**                            14-48421
_____/                              **(Chapter 7)**

# CERTIFICATE OF SERVICE

Douglas S. Ellmann, attorney for Trustee, certifies that he caused to be sent through electronic case filing (ecf) on this date, a copy of the Trustee's Application to Sell Certain Property Free and Clear of Liens, et. seq., proposed order, and 21 Day Notice to the US Trustee, 211 W. Fort Street, Detroit, Michigan 48226, and to debtor via her counsel via ecf and to all counsel of record, and notice was sent to all parties required to be notified by mail on the matrix via certificateofservice.com.

Dated: February 5, 2015

/s/ Douglas S. Ellmann
 Douglas S. Ellmann (P34617)
Attorney for Trustee
308 West Huron
Ann Arbor, MI 48103
734 668 4800
dse@ellmannlaw.com